IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| TRUCK DRIVERS AND HELPERS LOCAL 355 RETIREMENT PENSION FUND, by its Plan Sponsor, The Joint Board of Trustees<br>1030 South Dukeland Street<br>Baltimore, Maryland  21223,<br><br>    Plaintiff,<br><br>v.<br><br>JTF PUBLICATIONS, LLC<br>D/B/A THE BALTIMORE SUN<br>1 Olympic Place, Suite 1240<br>Towson, Maryland  21204<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>   Civil Action No.<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, Truck Drivers and Helpers Local 355 Retirement Pension Fund, by its Plan Sponsor, The Joint Board of Trustees ("Fund" or "Plan"), by its undersigned attorneys, sues Defendant, JTF Publications, LLC, d/b/a The Baltimore Sun ("The Sun"), to compel The Sun to pay withdrawal liability pursuant to Section 4219 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1399, and states as follows:

    1.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this is an action to compel payment of withdrawal liability under Section 4301 of ERISA, 29 U.S.C.

§ 1451, which is a law of the United States.[1]

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

3. The Fund is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Fund is an multiemployer plan as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Fund's Joint Board of Trustees consists of Employer and Union Trustees, who

---

[1] Section 4301 provides in part:

> (a) Persons entitled to maintain actions
>
> (1) A plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan, or an employee organization which represents such a plan participant or beneficiary for purposes of collective bargaining, may bring an action for appropriate legal or equitable relief, or both.
>
> * * *
>
> (b) Failure of employer to make withdrawal liability payment within prescribed time —
>
> In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title).

29 U.S.C. § 1451(a)(1), (b).

2

are fiduciaries within the meaning of Sections 3(14)(A), 402 and 502(a)(3) of ERISA, 29 U.S.C. §§ 1002(14)(A), 1102 and 1132(a)(3), and who are obligated to collect withdrawal liability consistent with Sections 4202(3) and 515 of ERISA, 29 U.S.C. §§ 1382(3) and 1145.  David A. White, Sr. and David Granek are a duly appointed and authorized Trustees of the Fund, fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and members of the Joint Board of Trustees, which Joint Board of Trustees is the Plan Sponsor of the Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4. At all times relevant to this action, The Sun was a corporation organized and existing under the laws of the State of Maryland that employed persons in the State of Maryland in the publishing industry.  At all times relevant to this action, The Sun was an employer as defined in Section 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(2), whose activities affected commerce within the meaning of Section 2(7) of the LMRA, 29 U.S.C. § 152(7).  At all times relevant to this action, The Sun was an employer as defined in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

5. At all times relevant to this action, The Sun was signatory and subject to a collective bargaining agreement with Truck Drivers, Helpers, Taxicab Drivers, Garage Employees and Airport Employees Local Union No. 355 ("Local 355"), which is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

6. At all times relevant to this action, the collective bargaining agreement between The Sun and Local 355 ("CBA") provided for the rates of pay, wages, hours of employment and other terms and conditions of employment for employees of The Sun covered by the CBA.  The CBA specifically provided for the payment by The Sun of contributions to the Fund of specified

sums for each hour of wages paid to each of the covered employees.

7. On or around July 3, 2024, Local 355 and The Sun entered into a Termination Agreement which provided, inter alia, for the termination of the CBA on July 31, 2024.

8. As of result of the termination of the CBA, as of July 31, 2024, The Sun permanently ceased to have an obligation to pay contributions to the Fund on behalf of employees covered by the CBA, thereby triggering a complete withdrawal from the Fund as defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

9. Following The Sun's complete withdrawal from the Fund, consistent with Sections 4202 and 4219(b) of ERISA, 29 U.S.C. §§ 1382 and 1399(b), the Fund (1) determined The Sun's withdrawal liability to be $710,752.00, (2) notified The Sun, by letter dated May 30, 2025, of the amount of its withdrawal liability, and (3) demanded payment of the withdrawal liability, in quarterly payments of $50,722.00. Based on the date of the Fund's notice to The Sun of its withdrawal liability, the Fund further notified The Sun that its first quarterly payment was, consistent with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), due and payable by no later than July 1, 2025.

10. The Sun failed to pay its quarterly payment to the Fund by July 1, 2025. Accordingly, the Fund (through its legal counsel) notified The Sun (through its Senior Vice President/General Counsel Marshall Anstandig) of its delinquency by email dated July 2, 2025.

### COUNT ONE (ERISA Section 4219(c))

11. The Fund hereby incorporates each and every allegation set forth in paragraphs 1-10.

12. The Sun has failed and/or refused to pay its quarterly payment of withdrawal liability to the Fund in accordance with Section 4219(c) of ERISA. The Sun has not cured its

failure/refusal to pay its quarterly payment of withdrawal liability, pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and the time for doing so has passed.

13. The Sun's failure/refusal as described in paragraph 12 constitutes a default as defined in Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

WHEREFORE, the Fund prays:

a. That this Court declare The Sun to be in default on its payment of withdrawal liability to the Fund;

b. That this Court enter judgment against The Sun in the amount of $710,752.00—representing the outstanding amount of its withdrawal liability—together with interest, liquidated damages, and attorneys' fees in amounts to be determined, consistent with Section 4301(b) of ERISA, 29 U.S.C. § 1451(b); and

c. That this Court grant the Fund such other relief as the Court deems just and proper.

Date:   September 11, 2025                Respectfully submitted,

*/s/ Paul D. Starr*
Paul D. Starr (Bar No. 024789)
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland  21286
pstarr@abatolaw.com
(410) 847-7035

Attorneys for Truck Drivers and Helpers Local 355 Retirement Pension Fund